# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Polartec LLC and MMI-IPCO, LLC<br><br>  Plaintiffs,<br><br>v.<br><br>Lamour Global, Inc.,<br><br>  Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Polartec LLC and MMI-IPCO, LLC ("Plaintiffs"), by and through their undersigned counsel, bring this action for patent infringement against Lamour Global, Inc. ("Defendant").

## Parties

1.  Plaintiff Polartec LLC ("Polartec") is limited liability company organized and existing under the laws of Delaware, with a principal place of business at 46 Stafford St., Lawrence, MA, 01841.

2.  Plaintiff MMI-IPCO, LLC ("MMI") is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 2929 Arch Street, Philadelphia, PA 19104.

3.  Upon information and belief, Defendant Lamour Global, Inc. ("Lamour") is a Canadian corporation, with a principal place of business at 55 Louvain Street West, Suite 200, Montreal, QC, Canada H2N 1A4.

6001222v1

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has personal jurisdiction over the Defendant because the Defendant transacts business within this forum and because Defendant's conduct outside this jurisdiction is causing injury in this forum.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b), because (a) Defendant is subject to personal jurisdiction in this district and/or (b) upon information and belief, has committed acts of patent infringement in this District.

## General Allegations

7. On August 9, 2005, the United States Patent and Trademark Office lawfully issued United States Patent No. 6,927,182 (the "'182 patent"), entitled "Enhanced Composite Sweatshirt Fabric with Knit Constructed Channels." A true and accurate copy of the '182 patent is attached hereto as Exhibit A.

8. MMI is the owner of all right, title and interest in and to the '182 patent.

9. Polartec is the exclusive licensee of all right, title and interest in and to the '182 patent.

10. Certain products made, used, sold, and offered for sale by Defendant incorporate or embody the inventions claimed in the '182 patent.

11. On or about November 14, 2013, Plaintiffs notified Lamour that its products were potentially infringing the '182 patent.

6001222v1

## FIRST CAUSE OF ACTION
### (Infringement of the '182 Patent)

12. Polartec reasserts and realleges paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. Lamour is in the business of designing, manufacturing, distributing, and selling a variety of high-performing, specialty sportswear fabric. Lamour currently manufactures, markets, and sells certain fabrics, including those known by the brand name "Terramar."

14. Defendant's products made, used, sold or offered for sale – including without limitation, the "Terramar" products – incorporate each and every element of one or more claims of the '182 patent and are therefore covered by the '182 patent.

15. By its actions, Lamour has infringed, and is infringing, one or more of the claims in the '182 patent.

16. Lamour's infringement of the '182 patent has been, and continues to be, willful, deliberate and objectively reckless. Lamour's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

17. Lamour's infringing conduct has caused, is causing, and/or will continue to cause irreparable injury and damage to Plaintiffs, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment against Defendant as follows:

A. that Defendant infringes the '182 patent;

B. that Defendant has actively induced others to infringe the '182 patent;

C. that Defendant's infringement of the '182 patent is willful;

D.     that Defendant, its officers, directors, affiliates, agents, servants, employees and attorneys, and all those persons in privity or in concert with any of them, be preliminary and permanently enjoined from infringement of the '182 patent;

E.     that Plaintiffs be awarded their damages for infringement of the '182 patent, and that damages be trebled; and

F.     that this case be declared exceptional in favor of Plaintiffs under 35 U.S.C. § 285, and that Plaintiffs be awarded their costs, attorneys' fees, and other expenses incurred in connection with this action.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby respectfully request a jury trial on all issues triable of right by a jury.

> Respectfully Submitted,
>
> POLARTEC LLC & MMI-IPCO, LLC,
>
> By their attorneys,
>
> */s/ Diana T. Huang*
> Michael H. Bunis (BBO#: 566839)
> mbunis@choate.com
> Diana T. Huang (BBO#: 679084)
> dhuang@choate.com
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, MA 02110
> Tel.: (617) 248-5000
> Fax: (617) 248-4000

Date: January 3, 2014

6001222v1

- 5 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any.

                                        */s/ Diana T. Huang*
                                        Diana T. Huang

6001222v1